IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| HUGHES TECHNICAL SERVICES, LLC, | : : : | |
| Plaintiff | : : | |
| v. | : : : | CIVIL ACTION NO. 2:21cv156 |
| GLOBAL CONSULTING AND MECHANICAL SERVICES, LLC, | : : : : | **JURY TRIAL DEMANDED** |
| Defendant | : | |

# COMPLAINT

## *Parties*

1. The Plaintiff, Hughes Technical Services, LLC (HTS), is a Pennsylvania limited liability company with a principal place of business located at 941 Wheatland Avenue, Suite 305, Lancaster, Pennsylvania 17603.

2. Gary Hughes is the sole member of Hughes Technical Services. Gary Hughes is a citizen of Pennsylvania, with an address at 903 Rivergate Court, Millersville, Lancaster County, Pennsylvania 17551.

3. HTS provides power plant commissioning and maintenance services for a variety of gas and steam turbines and electrical and mechanical gas systems.

4. The Defendant, Global Consulting and Mechanical Services, LLC (GCMS), is a Texas limited liability company with a principal place of business located at 256 Farm Market 250 South, Hughes Springs, Texas 75656.

5. GCMS is a multi-member limited liability company. After reasonable

investigation, the current managing members of GCMS are Julius Matthew Randolph Smoak Sr., Julius Matthew Randolph Smoak Jr. and Sebastian (a/k/a Sabastian) Nicholas Smoak, each of whom are citizens of Texas and share the same address of 253 County Road 4200, Daingerfield, Texas 75638.

6. Melanie Brooke Smoak is a former managing member and, after reasonable investigation, may be a current non-managing member of GCMS. Ms. Smoak is a citizen of Texas, with an address at 253 County Road 4200, Daingerfield, Texas 75638.

7. GCMS works with the gas turbine power plant industry and offers services ranging from construction to commissioning and start-up.

## *Jurisdiction*

8. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as complete diversity exists between the parties and the amount in controversy exceeds $75,000.

9. This Court has general personal jurisdiction over GCMS, as GCMS maintains continuous and systematic contacts with the State of Texas through its business location and the residency of its members.

## *Venue*

10. Venue is appropriate in this Court because the Defendant's office and its members' residences are located in this District.

## *Operative Facts*

### *Al-Shuaiba Power Plant*

11.  Pursuant to a written agreement, GCMS engaged and contracted with HTS to provide commissioning, consulting and engineering services on a project at the Al-Shuaiba power plant in Iraq. A copy of the Al-Shuaiba contract is attached to and made a part of this Complaint as Exhibit A.

12.  Throughout June, July, August, September and October of 2018, HTS fully performed these services to the satisfaction of GCMS, and issued to GCMS a series of invoices for its work totaling $283,161.69. Copies of the invoices are attached collectively to and made a part of this Complaint as Exhibit B.

13.  Of this total amount, there remains an open and unpaid balance of $186,850.72.

14.  HTS has not received any notice from GCMS or any other individual or entity associated with the Al-Shuaiba power plant project regarding any complaints, problems or issues with the services provided by HTS.

### *La Paloma Power Plant*

15.  GCMS engaged HTS via purchase order to provide on-site support services at the La Paloma power plant in California. A copy of the La Paloma Purchase Order is attached to and made a part of this Complaint as Exhibit C.

16.  In or around July of 2019, HTS provided on-site support services at the La Paloma power plant to the satisfaction of GCMS.

17.  On or around July 9, 2019, HTS issued to GCMS an invoice for its

services totaling $21,424.00.  A copy of the invoice is attached to and made a part of this Complaint as Exhibit D.

18.  GCMS has made no payments towards this invoice, leaving the total balance open and unpaid.

19.  HTS has received no notice from GCMS or any other individual or entity associated with the La Paloma power plant project regarding any complaints, problems or issues with the services provided by HTS.

### *Monterrey II Power Station*

20.  GCMS engaged HTS via purchase order to provide on-site engineering services at the Monterrey II Power Station in Mexico.  A copy of the Monterey Purchase Order is attached to and made a part of this Complaint as Exhibit E.

21.  Throughout February and March of 2020, HTS fully performed these services to the satisfaction of GCMS.

22.  On or around March 3, 2020, HTS issued to GCMS an invoice for its services totaling $290,412.01.  A copy of the invoice is attached to and made a part of this Complaint as Exhibit F.

23.  GCMS has made no payments towards this invoice, leaving the total balance open and unpaid.

24.  HTS has not received any notice from GCMS or any other individual or entity associated with the Monterrey II Power Station project regarding any complaints, problems or issues with the services provided by HTS.

### *GCMS Acknowledges These Outstanding Debts*

25. The total outstanding balance owed by GCMS on these invoices is $498,686.73.

26. On March 19 and 26, 2020, HTS emailed GCMS' Marketing Manager, Brooke Smoak, asking about the status of payments for the outstanding invoices. Copies of the emails are attached collectively to and made a part of this Complaint as Exhibit G.

27. Ms. Smoak replied to these emails, and in her replies, Ms. Smoak, as an employee and agent of GCMS who was authorized to speak on billing matters on behalf of GCMS, acknowledged the outstanding invoices and explained that with respect to the Monterrey II project, GCMS was waiting for payment from the contractor Power Engineering Services and Solutions ("PESS"), and stated that GCMS was negotiating payments for outstanding amounts owed to it by former clients and hoped to have a payment plan to HTS in the following weeks. *See* Exhibit G.

28. HTS has neither received a proposed payment plan from GCMS nor has it received any further communications from GCMS regarding payment status.

### **COUNT I – BREACH OF CONTRACT**

29. Paragraphs 1-28 are incorporated into Count I.

30. HTS had valid, binding and enforceable contractual agreements with GCMS to provide power plant commissioning and maintenance related services on the three power plant projects described above.

31.     HTS fully performed its contractual obligations by rendering these services to the satisfaction and acceptance of GCMS.  HTS has not received any notice from GCMS or any other individual or entity associated with these projects regarding any complaints, problems or issues with the services provided by HTS.

32.     GCMS materially breached its contractual duties by failing to pay these invoices in full.

33.     As a direct result of the material breaches of contract by GCMS, HTS has and continues to suffer damages in the amount of $498,686.73.

34.     HTS is further entitled to its reasonable and necessary attorney's fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

## COUNT II – OPEN ACCOUNT

35.     Paragraphs 1-34 are incorporated into Count II.

36.     HTS furnished services to GCMS, specifically, power plant commissioning and maintenance related services on the three projects as described above.

37.     The invoices provided reflect the prices charged for the services, which were just and true because they were according to the terms of the agreements between the parties and/or are usual, customary, and reasonable prices.

38.     HTS kept systematic records, as reflected by the invoices submitted and attached to this Complaint.

39.     Despite demands for payment, GCMS has not paid the invoices in full. The amount due and owing is $498,686.73.

40. HTS is further entitled to its reasonable and necessary attorney's fees pursuant to chapter 38 of the Texas Civil Practice and Remedies Code.

## COUNT III – UNJUST ENRICHMENT
### (*In the Alternative to Count I*)

41. Paragraphs 1-33 are incorporated into Count III.

42. HTS conveyed benefits upon GCMS by rendering power plant commissioning and maintenance related services on the three projects as described above.

43. GCMS received, accepted and appreciated these benefits.

44. GCMS would be unjustly enriched should it be permitted to retain these benefits without full compensation to HTS.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff, Hughes Technical Services, LLC, demands that judgment be entered in its favor and against the Defendant, Global Consulting and Mechanical Services, LLC, in the amount of $498,686.73, together with attorney's fees, pre- and post-judgment interest at the legal rate, costs, and any other relief the Court deems just and proper.

BRUBAKER CONNAUGHTON GOSS &
LUCARELLI LLC

Date: 5/5/2021   By:   */s/ Mark E. Lovett w/permission Andrea Fair*

Mark E. Lovett, Esquire
Ryan S. MacDonald, Esquire
Attorney I.D. Nos. 41071/320562
480 New Holland Avenue, Suite 6205

Lancaster, PA 17602
Telephone:  (717) 945-5755
Facsimile:  (717) 945-5764
Email:  markl@bcgl-law.com
Email:  ryanm@bcgl-law.com

*Of Counsel:*

Andrea Fair
Texas State Bar No. 24078448
E-mail: andrea@wsfirm.com
Brett F. Miller
Texas State Bar No. 24065750
E-mail: bmiller@wsfirm.com
**WARD, SMITH & HILL, PLLC**
1507 Bill Owens Parkway
Longview, TX 75604
(903) 757-6400 (telephone)
(903) 757-2323 (facsimile)

*Attorneys for Plaintiff*